**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TIEQIAO ("TIM") ZHANG, Individually, and as the Independent Administrator of the Estate of A.L. (a/k/a A.Z. and f/k/a L.Z.), deceased; and JING ("LINDA") LIANG,<br><br>        Plaintiffs,<br><br>v.<br><br>EMORY UNIVERSITY,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br><br>1:21-CV-00868-AT |

**DEFENDANT'S REPLY IN SUPPORT OF
<u>MOTION TO STAY INITIAL DISCOVERY DEADLINES</u>**

When Defendant Emory University ("Emory") filed a motion to dismiss that could be dispositive of all claims in this case, it concurrently moved this Court to stay initial discovery deadlines (the Federal Rule of Civil Procedure 26(f) early planning conference, initial disclosures, and the joint preliminary report and discovery plan) pending the resolution of Emory's motion. Plaintiffs' opposition to Emory's requested stay is based upon three primary bases: (A) had the Court wanted to stay initial discovery procedures upon filing a motion to dismiss, it could have done so expressly in the Local Rules; (B) the initial discovery procedures are

1

not burdensome and completion of them now will allow the case to move swiftly upon the Court's ruling on Emory's motion to dismiss; and (C) Plaintiffs disagree with Emory's motion to dismiss and believe they have stated a claim for relief. These arguments provide no reasonable basis for denying a stay of the initial discovery deadlines pending resolution of Emory's motion to dismiss.

A.   **Contrary to Plaintiffs' assertion otherwise, this Court has routinely stayed initial discovery deadlines pending resolution of a potentially dispositive motion to dismiss.**

Plaintiffs assert that "[h]ad the Northern District of Georgia wished to cut off all initial procedures upon the filing of a motion to dismiss, it could and would have expressly done so." (Pls.' Br. in Opp'n to Def.'s Mot. to Stay Initial Disc. Deadlines 3, ECF No. 26-1 ["Pls.' Opp'n Br."].) Plaintiffs' assertion ignores Emory's cited case law, however, where this Court has in fact expressly stayed initial discovery deadlines pending the resolution of a motion to dismiss. (Def.'s Br. in Supp. of Mot. to Stay Initial Disc. Deadlines 4, ECF No. 17-1 ["Def.'s Mot. to Stay"] (citing cases).) Rather than propose case law supporting the denial of a stay, Plaintiffs cite one case (the only one in their response) for the proposition that this "Court has broad discretion over management of its docket and the pretrial activities of the cases before it, including discovery and scheduling." (Pls.' Opp'n

2

Br. 2 (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)).)

Not only does the *Johnson* case not involve a stay of initial discovery deadlines, however, but the principle for which Plaintiffs cite the case is the same principle Emory cited in its initial motion, and the same principle that both the United States Court of Appeals for the Eleventh Circuit and this Court have relied upon as the basis for staying discovery pending resolution of a motion to dismiss for failure to state a claim. (Def.'s Mot. to Stay 3-4 (citing cases).) And indeed, this "broad discretion" is what allows the Court to deviate from the Local Rules and stay the initial discovery deadlines, as this Court has done before, (*see* Def.'s Mot. to Stay 4 (citing cases)), and as it should do here.

**B.  Potentially unnecessary initial discovery procedures incur unnecessary time and costs and staying those procedures temporarily will not delay this case.**

Plaintiffs assert the initial discovery procedures "are not burdensome" and that engaging in these procedures now "will allow the case to swiftly pick up upon a ruling by the Court." (Pls.' Opp'n Br. 3-4.) But making disclosures, preparing a joint preliminary report and discovery plan, and conferring on potentially invalid claims undoubtedly incur time and costs for both parties. *See Ballard v. Bank of Am. Corp.*, No. 1:13-CV-4011-ODE-RGV, 2014 WL 11970543, at *3 (N.D. Ga.

3

Sept. 11, 2014) ("[P]roceed[ing] through the pretrial processes . . . increases the costs of the case . . . ." (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997))), *adopted by* 2014 WL 12284028 (N.D. Ga. Oct. 30, 2014). And incurring time and costs unnecessarily—even if such time and costs are minimal as Plaintiffs assert—is nevertheless wasteful and inefficient. *See id.* ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." (quoting *Chudasama*, 123 F.3d at 1368)).

Moreover, if the Court were to deny Emory's motion to dismiss, the case can "pick up," (Pls.' Opp'n Br. 4), only as fast as the rules permit. The first deadline would be Emory's answer, due fourteen days after the Court's ruling. *See* Federal Rule of Civil Procedure 12(a)(4). Plaintiffs offer no real reason why this case would move slower if the initial discovery deadlines were stayed until such time, as Emory requested if its motion to dismiss were to be denied. (Def.'s Mot. Stay 5.) Indeed, Plaintiffs' characterization of the initial discovery procedures as

minimally burdensome reasonably suggests they should be able to manage them quickly following a ruling by the Court.

**C.   A stay of pretrial discovery deadlines is not based on the likely success of a motion to dismiss.**

Plaintiffs claim Emory "largely predicates its Motion to Stay on its confidence in the arguments raised in its Motion to Dismiss." (Pls.' Opp'n Br. 4.) Plaintiffs misread Emory's argument. Emory specifically recognized this Court's prior instruction that "[c]ontrary to plaintiffs' argument, the staying of pre-trial deadlines upon the filing of a motion to dismiss is not based on a presumption that the motion to dismiss will be granted, but on the basic interest in avoiding unnecessary costs and preserving scarce judicial resources." (Def.'s Mot. to Stay 3 (quoting *Ballard*, 2014 WL 11970543, at *3).) And while Emory has confidence in its dismissal arguments, Emory also acknowledged its motion to dismiss has only "the *potential* to dispose of the case entirely," (Def.'s Mot. to Stay 4 (emphasis added)), and indeed it does. Plaintiffs cannot dispute such potential exists regardless how "strongly [they] disagree," (Pls.' Opp'n Br. 4), with Emory's arguments.

5

## <u>CONCLUSION</u>

Plaintiffs present no compelling need for the parties to engage in initial discovery; nor do Plaintiffs reveal any undue hardship they will face by staying initial discovery deadlines pending the resolution of Emory's motion to dismiss. Emory's request for a stay of the initial discovery deadlines should therefore be granted.

***

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), specifically Times New Roman 14 point.

Respectfully submitted this 29th day of April, 2021.

**Allegra J. Lawrence**
Allegra J. Lawrence (Georgia Bar No. 439797)
Lisa M. Haldar (Georgia Bar No. 733508)
Attorneys for Defendant
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Facsimile: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
lisa.haldar@lawrencebundy.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2021, I electronically filed

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY INITIAL**

**DISCOVERY DEADLINES** with the Clerk of the Court using the CM/ECF

system, which will automatically send e-mail notification of such filing to the

following attorneys of record:

> Richard H. Middleton, Jr.
> Joshua A. Whitman

I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:

> Alex J. Whitman, Esq.
> Cunningham Swaim, LLP
> 4015 Main Street
> Suite 200
> Dallas, Texas 75226

> **Allegra J. Lawrence**
> Allegra J. Lawrence
> Georgia Bar No. 439797
> Attorney for Defendant

LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone:  (404) 400-3350