IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIEQIAO ("TIM") ZHANG, Individually, and as the Independent Administrator of the Estate of ALBERT LIANG (a/k/a ALBERT ZHANG and f/k/a LIANGSHENG ZHANG), deceased; and JING ("LINDA") LIANG,<br><br>Plaintiffs,<br><br>v.<br><br>EMORY UNIVERSITY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:21-CV-00868-AT |

**DEFENDANT'S INITIAL DISCLOSURES**

Defendant Emory University ("Emory"), by and through its undersigned counsel, makes the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1A, and in accordance with the Court's March 8, 2022, order, ECF No. 41. Emory makes these disclosures subject to its right to protect from disclosure (a) communications covered by the attorney-client privilege, (b) attorney-work product, (c) the mental-health privilege, and (d) any confidential information, at least until the entry of a suitable protective order to protect the information's confidentiality. These disclosures are based on the

1

information reasonably available to Emory and based on the Court's order limiting discovery, ECF No. 41, and Emory reserves the right to later supplement or correct these disclosures under Federal Rule of Civil Procedure 26(e) and if and when the Court orders additional discovery.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Without conceding the merits of Plaintiffs' claims and specifically denying them, Emory is properly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

At this time, Emory does not contend that any additional parties are necessary to this action, but Emory reserves the right to supplement its response if facts come to light during potential future discovery or otherwise that provide the identity of additional parties who are necessary parties to this action.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Emory has not asserted any counterclaims or crossclaims in this action at this time, but it reserves the right to do so in accordance with the Federal Rules of

Civil Procedure if facts come to light during potential future discovery or otherwise that provide the basis for a counterclaim or crossclaim. Nor has Emory asserted any defenses in a responsive pleading at this stage in the case; Emory has filed only a motion to dismiss for failure to state a claim upon which relief can be granted because Emory did not have a special relationship with Albert; Emory did not cause Albert's suicide; Emory did not owe a duty to Plaintiffs to predict or prevent Albert's suicide or a duty to Albert to predict or prevent his suicide under the circumstances of this case; and because Albert's suicide was not foreseeable. Emory reserves the right to supplement its responses if and when it is required to file an answer to Plaintiffs' complaint.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Emory continues to investigate the claims and defenses available to it. Emory reserves the right to supplement this response if discovery progresses beyond the limited discovery currently being permitted by this Court's order, ECF No. 41. Without limiting the legal grounds applicable to this case and available to Emory, or limiting its ability to amend or supplement this response as necessary, Emory identifies the following authorities as illustrative of the legal principles applicable to this action:

3

All federal and Georgia cases and statutes regarding the following claims and legal principles under Georgia law: negligence, gross negligence, wrongful death, survival actions, including but not limited to O.C.G.A. §§ 9-2-41, 19-7-1, 51-4-2, 51-4-5, 51-11-7; *City of Richmond Hill v. Maia*, 301 Ga. 257 (2017); *Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565 (2011); *Roberts v. Aderhold*, 273 Ga. App. 642 (2005); *La Quinta Inns, Inc. v. Leech*, 289 Ga. App. 812 (2008); *Grant v. Ga. Pac. Corp.*, 239 Ga. App. 748 (1999); *Ga. Clinic, P.C. v. Stout*, 323 Ga. App. 487 (2013); *Brock v. Wedincamp*, 253 Ga. App. 275 (2002); *Robinson v. Bird Rides, Inc.*, No. 1:19-cv-05295, 2020 WL 2129241 (N.D. Ga. May 5, 2020); *Smith v. United States*, 873 F.3d 1348 (11th Cir. 2017); *Frazier v. United States*, 685 F. App'x 730 (11th Cir. 2017); and *Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc.*, 398 F.3d 1261, 1263 (11th Cir. 2005).

All federal and state cases under other jurisdictions' negligence laws as pertaining to student suicide, including but not limited to *Sacchetti v. Gallaudet Univ.*, 181 F. Supp. 3d 107 (D.D.C. 2016); *Nguyen v. Mass. Inst. of Tech.*, 96 N.E.3d 128 (Mass. 2018); *Shin v. Mass. Inst. of Tech.*, No. 020403, 2005 WL 1869101 (Mass. Super. Ct. June 27, 2005); *Webb v. Muller*, 135 N.Y.S.3d 224 (Sup. Ct. 2020); *Anderson v. Bard Coll.*, No. 19236, 2020 WL 5993034 (Mass.

Super. Ct. Aug. 18, 2020); and *Tang v. President & Fellows of Harvard Coll.*, No. MICV20182603, 2019 WL 5069077 (Mass. Super. Ct. Sept. 9, 2019).

All federal and Georgia cases and statutes regarding the standing of the administrator in a Georgia wrongful death claim and the existence of complete diversity for purposes of subject-matter jurisdiction, including but not limited to 28 U.S.C. 1332; O.C.G.A. §§ 51-4-2, -4, -5; *Auto Doors, Inc. of Ga. v. Zivoluba*, 277 Ga. App. 288 (2006); *Boyd v. Gomez*, No. 3:13-cv-873-WKW, 2014 WL 961000 (M.D. Ala. Mar. 12, 2014); and *D.R. ex rel. Igles v. Grant*, 770 F. Supp. 2d 1337 (M.D. Ga. 2011).

All federal and Georgia cases and statutes regarding the mental-health privilege under Georgia law, including but not limited to O.C.G.A. §§ 43-39-16, 24-5-501(a); *State v. Herendeen*, 279 Ga. 323 (2005); and *Cooksey v. Landry*, 295 Ga. 430 (2014).

The Family Educational Rights and Privacy Act (FERPA) 20 U.S.C. § 1232g (2013); its implementing regulations, 34 C.F.R. § 99 *et seq.*; and interpreting case law, such as *Haque v. Swarthmore Coll.*, No. 15-1355, 2017 WL 3218073 (E.D. Pa. July 28, 2017).

Federal Rule of Civil Procedure 56 and all cases citing thereto, including, but not limited to, *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

*See* Attachment A. Emory reserves the right to supplement this response (and Attachment A) if discovery progresses beyond the limited discovery currently being permitted by this Court's order, ECF No. 41. Emory also reserves the right to rely upon information and testimony provided by or obtained from individuals identified by Plaintiffs.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

*See* Attachment B. Emory has not yet determined whether an expert witness will be used at the trial of this case and notes the Court has limited the discovery available to Plaintiffs at this stage in the case. Order, ECF No. 41. This disclosure will be supplemented in the event such a determination is made.

6

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

*See* Attachment C. Emory reserves the right to supplement this response (and Attachment C) if discovery progresses beyond the limited discovery currently being permitted by this Court's order, ECF No. 41. Emory also reserves the right to rely upon documents, records, tangible things, or electronically stored information in the possession, custody, and control of Plaintiffs and non-parties.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Emory is not seeking damages at this time, but it reserves the right to do so.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

At this early stage in this case, Emory has not yet identified any such person or entity, but it reserves the right to supplement its response to this disclosure.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.

If discovery progresses beyond the limited discovery currently being permitted by this Court's order, ECF No. 41, Emory will produce a copy of its insurance agreement during that additional discovery period following entry of a protective order of confidentiality (assuming one is not already in place at that time).

Respectfully submitted this 22nd day of March, 2022.

**Allegra J. Lawrence**
Allegra J. Lawrence (Georgia Bar No. 439797)
Lisa M. Haldar (Georgia Bar No. 733508)
Rod J. Gankse (Georgia Bar No. 283819)
Attorneys for Defendant
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Facsimile: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
lisa.haldar@lawrencebundy.com
rod.ganske@lawrencebundy.com

*Counsel for Defendant*

# ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and Appendix B.I.B. of the Local Rules, the following is a list of names and, if known, addresses and telephone numbers of individuals likely to have discoverable information—along with the subject(s) of that information—that Emory may use to support its position in this case (unless the use would be solely for impeachment). Emory provides this list subject to the Court's limitation of the discovery period at this stage in the case, Order, ECF No. 41, and further notes that Emory has not completed its discovery or investigation of the facts underlying this lawsuit, nor has Emory completed its preparation of this case for trial.

At this time, however, Emory believes that this Attachment A identifies persons who are likely to have discoverable information that Emory may use to refute the allegations in the complaint and support its defenses. By identifying a witness in response to this item, Emory does not consent or agree to Plaintiffs or Plaintiffs' representative(s) or attorney(s) contacting any current or former employees of Emory except through Emory's attorneys and only if the scope of discovery applicable in this matter permits it.

| NAME, ADDRESS, TELEPHONE | SUBJECT(S) OF INFORMATION |
|---|---|
| Plaintiff Jing Liang<br>c/o Counsel for Plaintiffs | Allegations in the complaint/defenses in the answer |

| | |
|---|---|
| Richard Middleton<br>58 E. Broad Street<br>P.O. Box 10006<br>Savannah, Georgia 31412<br>(912) 234-1133 | |
| Plaintiff Tieqiao Zhang<br>c/o Counsel for Plaintiffs | Allegations in the complaint/defenses in the answer |
| B.L.<br>4511 Mockingbird Lane<br>Dallas, Texas 75205<br>(972) 885-7201 | Allegations in the complaint/defenses in the answer |
| Dr. Edmund Goode<br>c/o Counsel for Emory<br>Lawrence & Bundy LLC<br>1180 West Peachtree Street, N.W.<br>Suite 1650<br>Atlanta, Georgia 30309<br>(404) 400-3350 | Allegations in the complaint/defenses in the answer |
| Any individuals identified by Plaintiffs in their initial disclosures | Allegations in the complaint/defenses in the answer |

.

## **ATTACHMENT B**

Emory has not yet determined whether an expert witness will be used at the trial of this case. This disclosure will be supplemented in the event such a determination is made.

## ATTACHMENT C

Emory has not completed its discovery and/or investigation of the facts in this case, nor has it completed its preparation for trial. Moreover, the Court has limited the discovery available to Plaintiffs at this stage in the case; therefore, Emory identifies only those documents responsive to the Court's March 8, 2022, order, ECF No. 41. Emory provides its initial disclosures without prejudice to its right to amend, supplement, or change said disclosures if and when additional discovery is permitted by the Court and if and when additional, different, or more accurate information becomes available.

To the extent they exist, all non-privileged documents, data compilations, or tangible things responsive to the this initial disclosure and as limited by the Court's March 8, 2022, order, will be produced at a date, time, and place agreed upon by counsel for the parties, and where appropriate, redacted and protected by an appropriate order of confidentiality. At this time, Emory believes that the following documents may be used to support its defenses:

1. Certain emails (including attachments) from August 1, 2019, through September 13, 20219, to and/or from Albert's Emory email address, between Albert and Dr. Edmund Goode, and otherwise about Albert.

2. Any documents Emory produced informally to Plaintiffs prior to Plaintiffs commencing this action and bearing the Bates numbers Emory_00001 through Emory_00931.

3. Any websites and/or publicly available documents Plaintiffs cite in the allegations of their complaint.

4. Any documents produced in response to Plaintiffs' discovery requests in this case.

5. Any documents identified by Plaintiffs in their initial disclosures.