## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TIEQIAO ("TIM") ZHANG, Individually, and as the Independent Administrator of the Estate of ALBERT LIANG (a/k/a ALBERT ZHANG and f/k/a LIANGSHENG ZHANG), deceased; and JING ("LINDA") LIANG, | ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:21-CV-00868-AT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| EMORY UNIVERSITY, | ) ) ) | |
| Defendant. | | |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Tieqiao ("Tim") Zhang, Individually, and as the Independent

Administrator of the Estate of Albert (a/k/a Albert Zhang and f/k/a Liangsheng

Zhang), deceased and Jing ("Linda") Liang ("Plaintiffs") and Defendant Emory

University ("Emory") believe that in the course of this action certain documents,

information, material, and testimony are likely to be disclosed and produced

through discovery that may constitute or incorporate confidential information

within the meaning of Federal Rule of Civil Procedure 26(c), including health

1

records (including mental health), records of minors, police records, and records related to former and current Emory students that Emory contends qualify as protected treatment records or education records as defined in the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g.

The parties believe that entry of a protective order pursuant to Federal Rule 26(c) is necessary to protect such confidential information. The Court finds that good cause exists for the entry of this Stipulated Protective Order ("Protective Order") in this action pursuant to Federal Rule 26(c) to protect confidential information.

IT IS HEREBY AGREED AND ORDERED, pursuant to Federal Rule 26(c), that the discovery taken by the parties in the above-captioned case shall be conducted under the following terms:

**A. Definitions**

1. ''Producing Party" shall mean the parties to this action and any third parties producing documents, information, or material in connection with depositions, subpoenas, document productions, or otherwise in this Litigation, or the party asserting the confidentiality thereof, as the case may be.

2.      "Receiving Party" shall mean any party to this action and any third parties receiving documents, information, or material in connection with depositions, document productions, or otherwise in this Litigation.

3.      "Document(s)" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and shall encompass, without limitation, any and all writings of any kind, including transcripts, letters, memoranda, notes, computer tapes, discs, printouts, cartridges, photographs, recordings, email messages and attachments, text messages, any information stored in or through any computer system or other electronic or optical data storage device, and all similar materials, whether electronically, mechanically, or manually readable.

4.      "Confidential Information" means both (a) information that relates to former and current students of Emory that may be protected by the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g; and/or (b) any other information that may properly be designated confidential pursuant to Federal Rule of Civil Procedure 26 and applicable case law.

5.     "Confidential FERPA Information" means information that relates to former and current students of Emory that may be protected by the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g.

6.     "Eligible Student" shall mean any living former or current student of Emory who has reached eighteen (18) years of age or is attending an institution of postsecondary education.

7.     "Personally Identifiable Information" shall have the meaning set forth in 34 C.F.R. § 99.3.

8.     "Education Records" shall have the meaning set forth in 20 U.S.C. § 1232g(a)(4) and 34 C.F.R. § 99.3.

9.     "Litigation" shall mean the above-styled case including any appeals.

**B.     Scope of Order**

1.     This Protective Order governs the handling and use of any Document, information, testimony, or other material exchanged by the parties or received from third parties in response to any discovery or other method authorized or permitted by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, including, but not limited to, responses to requests for production of documents,

answers to interrogatories, responses to requests for admission, depositions, subpoenas, declarations and affidavits, and hearing or trial testimony.

2.      This Protective Order shall be understood to encompass not only those items or things which are expressly designated as CONFIDENTIAL or CONFIDENTIAL – FERPA, but also all copies and excerpts thereof, as well as those portions of testimony, oral communications, briefs, motions, pleadings, or other writings containing Confidential Information or information derived therefrom.

3.      This Protective Order shall not be construed to apply to any Documents, information, testimony, or other material that: (a) are is available to the public other than through a breach of this Protective Order or other duty of confidentiality; or (b) a Receiving Party can demonstrate that the information was already known to that party, or that the Receiving Party was already in possession of a Document prior to the time of disclosure and was not subject to conditions of confidentiality.

4.      Nothing herein shall impose any restrictions on the use or disclosure by a party of its own CONFIDENTIAL or CONFIDENTIAL – FERPA information.

5.     Entering into this Protective Order, producing, or receiving Documents designated under this Protective Order, not objecting to any designation under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

a.  operate as an admission by any Party that any Document designated under this Protective Order contains or reflects Confidential Information;

b.  waive or prejudice in any way the rights of any party to seek discovery regarding any Documents or information subject to this Protective Order or to object to the production of Documents or information they consider not subject to discovery, including based on student privacy, the attorney/client privilege, work product, the mental-health privilege, the confidential marriage communications privilege, and the clergy privilege;

c.  waive or prejudice in any way the rights of any party to object to the production or disclosure of other information in this Litigation (not covered by the Protective Order) or any information in any other action.

d.  waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Document, information, testimony, or other evidence that is subject to this Protective Order;

e.   waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any document, information, or material should be subject to the terms of this Protective Order;

f.   waive or prejudice in any way the rights of any Party to petition the Court for further protective orders relating to any purportedly Confidential Information or otherwise;

g.   prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material; or

h.   prohibit or interfere with the ability of counsel for any party, or of experts retained for this action, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters so long as such counsel and/or expert complies with the terms of this Protective Order.

## C.   Use of Confidential Information

All Documents produced in connection with this Litigation that are designated as CONFIDENTIAL or CONFIDENTIAL – FERPA shall be used by the Receiving Party for the purposes of this Litigation only and for no other

purpose and shall not be revealed or discussed by the Receiving Party to or with any person or entity not entitled to receive such information under the terms of this Protective Order.

**D.  Designation of Confidential Information**

1.      Any Document produced or otherwise furnished by any of the parties in discovery that is not generally known and that the Producing Party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence; or any other information that may properly be designated as confidential pursuant to Federal Rule 26 and applicable case law, may, in good faith, be designated CONFIDENTIAL by the Producing Party.

2.      Any Document produced or otherwise furnished by any of the parties in discovery that the Producing Party reasonably believes in good faith contains Confidential FERPA Information may, in good faith, be designated CONFIDENTIAL - FERPA by the Producing Party.

3.      The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or third party seeking protection:

a. In the case of Documents (apart from depositions and Documents produced by third parties): by affixing, at the time such Documents are produced or disclosed or as soon thereafter as the party or third party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder, a plainly visible confidentiality designation of "CONFIDENTIAL" or "CONFIDENTIAL – FERPA", as appropriate: (i) on each page of any Document containing any confidential information or material; or (ii) in the case of Confidential Information disclosed in a non-paper medium (e.g., electronically stored information produced in native format, video tape, audio tape, computer disks, etc.), physically on the outside of the medium or its container as well as in the title (if applicable) of the file containing the Confidential Information. If a party is unable to affix a stamp of confidentiality directly on a Document as described herein, the party may designate the material as confidential by way of a cover letter preceding the production of the Document in question. Documents designated as CONFIDENTIAL or CONFIDENTIAL – FERPA shall be treated as such by all Receiving Parties unless the Court shall rule otherwise.

b. In the case of depositions: (i) by a statement on the record by counsel during such deposition that the entire transcript or portion thereof shall be

designated either CONFIDENTIAL or CONFIDENTIAL – FERPA hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after the emailing to counsel of the transcript of the deposition. At or before a deposition, the deponent or his/her counsel, or any other counsel, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or third party that testimony about to be given is deemed protected under this Protective Order. Upon such warning, individuals not authorized to have access to such testimony pursuant to Section E of this Protective Order shall be excluded from the deposition until such protected testimony has concluded. Whether or not so designated on the record at a deposition, all deposition testimony shall be treated by the parties as Confidential Information under this Protective Order until the expiration of thirty (30) days after the emailing to counsel of the transcript of the deposition. Unless specific designations of portions of a transcript have been made on the record during the proceeding, or in writing within thirty (30) days after the emailing to counsel of the transcript of the deposition, any confidentiality is waived after the expiration of the thirty (30)-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition through agreement on the

record at such deposition or otherwise by written stipulation, without approval of the Court.

c.   In the case of Documents produced by third parties: a party may, in good faith, designate any Document or testimony produced or given by any third party to this Litigation, or any portion thereof, as CONFIDENTIAL or CONFIDENTIAL – FERPA subject to this Protective Order. In the case of Documents, such designation shall be made by notifying all counsel in writing of such Documents which are to be designated and treated as such within thirty (30) days after actual receipt of copies of such Documents by counsel for the party asserting confidentiality thereof. All documents, information, or material produced by a third party to this action shall be treated as CONFIDENTIAL under this Protective Order pending such notice of designation by a party or the expiration of the aforesaid thirty (30)-day period. In the case of deposition testimony, designation shall be made in accordance with Section D.3.b. of this Protective Order.

4.      Whenever any Receiving Party to whom Documents in non-paper medium designated as CONFIDENTIAL or CONFIDENTIAL – FERPA are produced reduces such material to hard-copy form, the Receiving Party shall mark

such hard-copy form with the appropriate confidentiality designation on every page of the hard-copy form.

5.      Unless otherwise agreed to by the parties, court reporters shall be instructed to transcribe names of minors (under the age of eighteen) or former and current Emory students by their initials only.

## E.   Disclosure of Confidential Information

1.      Except with prior written consent of the Producing Party or by order of the Court, any Documents designated as CONFIDENTIAL or CONFIDENTIAL – FERPA shall not be furnished, shown, or disclosed to any person or entity except to:

a.  The named parties and counsel of record for the parties in this Litigation and their partners, associates, paralegals, secretaries, law clerks, legal assistants, employees, and contractors to the extent considered reasonably necessary to render professional services in the Litigation.

b.  Inside counsel of the parties and their paralegals and staff, to the extent reasonably necessary to render professional services in the Litigation.

c.  Court officials involved in this Litigation (including any special master, and his/her employees, appointed by the Court).

d. Persons shown on the face of the Document to have authored or received it.

e. Persons subject to Section E.2 of this Protective Order,

2. The following persons or entities designated in subparagraphs (a) through (h) of this Section E.2 may be furnished with, shown, or have disclosed to them Documents designated as CONFIDENTIAL or CONFIDENTIAL – FERPA only if they are first provided a copy of this Protective Order and execute a confidentiality agreement in the form attached as Exhibit A to this Protective Order ("Agreement"). The originals of such Agreements (which shall include PDFs with electronic signatures) shall be maintained by outside counsel who furnished the Agreement until the final resolution of this Litigation by settlement or exhaustion of all appeals.

a. Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the trial of this Litigation or other proceeding herein, and clerical, administrative or support staff (including staff such as research assistants and analysts) of such experts or consultants.

b.   Any party, employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this action.

c.   An officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer who are under their supervision or control and who have been advised by such officer of and have acknowledged their obligations hereunder.

d.   A translator retained for interpretation services at depositions or court hearings in connection with this Litigation.

e.   Witnesses at depositions or court hearings in connection with this Litigation.

f.   Any mediator or other individual agreed upon by the parties to be used in an effort to discuss informal settlement of the claims asserted in this Litigation, and their employees.

g.   Persons noticed for depositions or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, to the extent reasonably necessary in preparing to testify.

h.   Any other person or entity agreed to by the parties in writing prior to any disclosure to such person.

**F.   Provisions for Confidential FERPA Information**

1.      Before producing any Document designated as CONFIDENTIAL –
FERPA, Emory shall make reasonable efforts in accordance with 34 C.F.R.
§ 99.31(a)(9)(ii) to notify the Eligible Student whose Education Record may be
disclosed via this Protective Order by sending a notice to the Eligible Student's last
known address by certified mail and to the student's last known email address. The
notice shall provide that if the Eligible Student objects to production of the
Documents, the Eligible Student must file an objection with this Court, with a copy
to counsel for Emory, within thirty (30) calendar days of Emory having mailed the
notification by both certified mail and email, whichever is later. In the event an
objection is filed, Emory shall provide Plaintiffs' counsel with a redacted version
of the objection, removing any identifying information and it shall not produce the
subject document until the objection is finally resolved (including any appeal).

2.      Where, in Emory's view, a Document responsive to a discovery
request also contains Personally Identifiable Information of an Eligible Student
that is not responsive or otherwise not relevant to the Litigation, Emory may, in
lieu of designating the Document as CONFIDENTIAL – FERPA and providing
notice to the Eligible Student in accordance with Section F.1 of this Protective

Order, produce the Document in redacted form, removing any non-responsive/irrelevant Personally Identifiable Information of the Eligible Student. Emory shall indicate FERPA REDACTION in the place of the redacted information. If Plaintiffs object to the FERPA REDACTION, Plaintiffs may, after the parties confer in good faith to resolve the issue and subject to the provisions of Section I of this Protective Order, move the Court for an order compelling production of the Document in unredacted form. Any order of the Court compelling such an unredacted production, however, shall be subject to both the CONFIDENTIAL – FERPA designation as provided in Section D.2 of this Protective Order, as well as the notice provisions of Section F.1 of this Protective Order.

3.      Documents designated as CONFIDENTIAL – FERPA and any other Confidential FERPA Information shall not be filed publicly with the Court except in accordance with Section I of this Protective Order (e.g., unless there has been prior agreement of the parties pursuant to Sections I.3 and I.4 of this Protective Order, or unless the Court has denied a request to seal the information).

**G. Confidential Information Offered at Trial or Court Hearing**

Subject to the parties' right in Section M.4 to seek or agree to a different or additional protective order to govern trial, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives at least forty-eight (48) hours' notice to counsel for the party or other person that designated the Confidential Information. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such evidence.

**H. Challenges to Confidential Information**

1. A Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a Document as CONFIDENTIAL or CONFIDENTIAL – FERPA. Counsel shall negotiate in good faith to resolve the dispute as to the designation.

2. If the Producing Party does not agree to de-designate or re-designate such Document, such Receiving Party may seek permission from the Court to move for an order de-designating or re-designating that Document. If no such

permission is sought and granted, and no such motion is filed and granted, such Documents shall continue to be treated as initially designated by the Producing Party. If permission to file such motion is sought and such motion is filed, the Documents that are the subject thereof shall continue to be treated as CONFIDENTIAL or CONFIDENTIAL – FERPA (according to their initial designations) unless and until the Court rules otherwise. The burden of demonstrating that information has been properly designated under this Protective Order is on the party or third party making the designation.

I.  **Filing Confidential Information with the Court**

1.      Consistent with the Court's procedures regarding Confidentiality Agreements, Protective Orders, and Motions to Seal set forth in Section III(f) of this Court's Standing Order, (Standing Order 22-24, Mar. 24, 2021, ECF No. 13), Confidential Information subject to this Protective Order (including Documents designated as CONFIDENTIAL or CONFIDENTIAL – FERPA and any portions of pleadings, motions, briefs, or other writings to the Court disclosing Confidential Information) shall not be filed with the Court except as provided in this Section I.

2.      The party who intends to file any Confidential Information will give to the other party no less than three (3) calendar days' written notice of the intent

to file the Confidential Information and whether the party believes the Confidential Information should be filed publicly, filed publicly but redacted, or filed under seal in whole or in part. The other party shall respond promptly with its position on the filing of the Confidential Information.

3. The parties may agree in writing, through mutual consent of counsel, that the Confidential Information may be filed publicly (and thereby lose its protection under this Protective Order).

4. The parties may agree in writing, through mutual consent of counsel, to redact the Confidential Information before filing publicly (in lieu of seeking to seal the Confidential Information, as set forth in the below subparagraph, while maintaining protection under this Protective Order).

5. If one or all of the parties believe that the Confidential Information should be filed under seal in whole or in part, the parties recognize that documents and information may be filed under seal only upon application to this Court as prescribed in Section III(f) of this Court's Standing Order, (Standing Order 22-24, Mar. 24, 2021, ECF No. 13); the procedures described in Section II(J) of Appendix H to the Court's Local Civil Rules; and the Procedures for Electronic Filing Under Seal in Civil Cases on the Court's website. The parties shall be mindful there is a

presumption that any information filed with the Court is a matter of public record and, absent Court order, shall not be filed under seal, and that only in rare instances will it be appropriate to seal an entire document from public access.

a.  If the parties agree, through mutual consent of counsel, that the Confidential Information should be filed under seal, the parties shall present a joint motion demonstrating good cause under Federal Rule 26(c) and following the procedures described in Section II(J) of Appendix H to the Court's Local Civil Rules and the Procedures for Electronic Filing Under Seal in Civil Cases on the Court's website.

b.  If the parties are unable to reach an agreement regarding the filing of Confidential Information and/or what information should be sealed, then the party who maintains the information must be filed under seal shall present its own motion demonstrating good cause under Federal Rule 26(c) and following the procedures described in Section II(J) of Appendix H to the Court's Local Civil Rules and the Procedures for Electronic Filing Under Seal in Civil Cases on the Court's website. Within two (2) business days after submission of the motion, the opposing party shall submit its response setting forth its specific objections to the sealing of the information (i.e., why the information does not meet the good cause

standard under Federal Rule 26(c)). The moving party may, but is not required to, submit a reply and should do so promptly to ensure consideration before the Court rules.

      c. Any motion to file under seal shall bring to the Court's attention the fact that the information is governed by this Protective Order.

      d. Pursuant to Section II(b) of the Court's Standing Order, (Standing Order 5, Mar. 24, 2021, ECF No. 13), the parties should not, unless specifically requested otherwise by Judge Totenberg, provide the Court with paper courtesy copies of any motion to seal, supporting brief, proposed order, or the provisionally sealed documents.

      6. In no case shall a party **publicly** file Confidential Information subject to this Protective Order unless there has been prior agreement of the parties pursuant to Sections I.3 and I.4 of this Protective Order, or unless the Court has not approved the request to seal the Confidential Information (in which case, Section II(J) of Appendix H to the Court's Local Civil Rules and the Procedures for Electronic Filing Under Seal in Civil Cases on the Court's website governs the conduct of the parties).

**J.    Inadvertent Failure to Designate**

If a Producing Party inadvertently fails to designate a Document as CONFIDENTIAL or CONFIDENTIAL – FERPA, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the Receiving Party is notified in writing of the inadvertent failure to designate, the information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must endeavor in good faith to obtain all copies of the document it distributed or disclosed to persons not authorized to access such information by Section E herein, as well as any copies made by such persons.

**K.    Privileged Information**

1.    Documents and things produced or made available for inspection may be subject to redaction, in good faith, by the Producing Party, of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, including the mental-health privilege, the confidential marriage communications privilege, and the clergy privilege. Each such redaction, regardless of size, shall be clearly labeled. This paragraph shall not

be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, including the mental-health privilege, the confidential marriage communications privilege, and the clergy privilege, shall be listed as required by Section III.d.iii of the Court's Standing Order, ECF No. 13 or otherwise on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

2. If a Producing Party inadvertently produces any Document in response to discovery requests (or otherwise) in this Litigation that the Producing Party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege, work-product doctrine, the mental-health privilege, the confidential marriage communications privilege, or the clergy privilege, such inadvertent production will not be deemed to waive any privilege, work product, or other protection.

3. Upon discovery of inadvertent production, the Producing Party may give notice of the inadvertent production and request the return of any such Document that it inadvertently produced by identifying the Inadvertently Produced Privileged Material and stating the basis for withholding such Document from

production. If the Producing Party claims that only a portion of the Document was inadvertently produced, the party shall provide along with the request of inadvertent production a new copy of the Document with the allegedly privileged portions redacted.

4.      If a Producing Party requests the return, pursuant to this Section J, of inadvertently produced Documents then in the custody of one or more parties, the possessing parties shall, within five (5) business days of their receipt of such a request destroy or return to the Producing Party the inadvertently produced Documents and all copies thereof and shall make reasonable efforts to expunge from any other document or material information derived from the inadvertently produced Documents.

5.      The possessing parties, however, may retain information sufficient to identify the inadvertently produced Documents (e.g., Bates number, author(s), recipient(s), date) for purposes of a motion to compel production of the Documents. A party may move the Court for an order compelling production of Documents reclaimed as inadvertently produced, but said party may not assert as a ground for such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order shall preclude a party from arguing that the

production of the allegedly inadvertently produced Documents was not inadvertent or that conduct other than the alleged inadvertent production in this Litigation constitutes a waiver of any privilege that may otherwise apply thereto.

**L. Non-Termination at Conclusion of Litigation**

1. This Protective Order shall continue to be binding after the conclusion of this action except (a) that there shall be no restriction on Documents that were filed or otherwise presented as exhibits in Court (unless such exhibits were filed under seal or otherwise protected from public disclosure by Order of the Court); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order. Absent prior written consent of all Parties or Order of the Court, the provisions of this Protective Order shall continue to be binding after the conclusion of this action.

2. Within sixty (60) days after the final termination of this Litigation by settlement or exhaustion of all rights of appeal, each party or other person subject to the terms of this Protective Order shall undertake his or her best efforts to, and to the best of his or her knowledge, destroy or return to the Producing Party all Documents designated in this Litigation as CONFIDENTIAL and

CONFIDENTIAL – FERPA and all reproductions and uses thereof and certify to the Producing Party such destruction or return.

3.	Nothing in this Protective Order shall prevent counsel of record for the parties from retaining their own work product, copies of all pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits even if the same contain Documents, information, or material designated hereunder as CONFIDENTIAL or CONFIDENTIAL – FERPA so long as the same are maintained under the conditions of confidentiality set forth in this Protective Order.

**M.  Remedies**

1.	This Protective Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Protective Order or any provisions hereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate hereunder or under the Federal Rules of Civil Procedure or other applicable law.

2.	Nothing in this Protective Order shall be construed to limit the powers of the Court nor shall anything in this Protective Order be construed to limit the right of any person or entity to enforce any and all claims for injunctive relief or

monetary damages and claims of any nature arising out of a violation of this Protective Order.

3. Any dispute concerning the application of this Protective Order shall be heard pursuant to the rules of the Court or of any other court to which this case may be transferred.

4. This Protective Order may be modified or amended by further Order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information, including an additional protective order to govern trial.

SO STIPULATED:

**Richard H. Middleton, Jr.**

Richard H. Middleton, Jr.
Georgia Bar No. 504912
58 E. Broad Street
P.O. Box 10006
Savannah, Georgia 31412
rhm@middletonfirm.com
(912) 234 1133 – Tel.
(912) 233 1750 – Fax

MILTON, LEACH,
WHITMAN, D'ANDREA
& ESLINGER, P.A.
Joshua A. Whitman
Florida Bar No. 399264
Admitted pro hac vice
3127 Atlantic Blvd
Jacksonville, Florida 32207
jwhitman@miltonleach.com
(904) 346 3800 – Tel.
(904) 346 3692 – Fax

CUNNINGHAM SWAIM, LLP
Alex J. Whitman
Texas Bar No. 24081210
Admitted pro hac vice
4015 Main Street, Suite 200
Dallas, Texas 75226
awhitman@cunninghamswaim.com
(214) 646-1495 – Tel.
(214) 613-1163 – Fax

Christopher Conway
Georgia Bar No. 823011
1862 Independence Square
Suite E

**Allegra J. Lawrence**

Allegra J. Lawrence (Georgia Bar No. 439797)
Lisa M. Haldar (Georgia Bar No. 733508)
Rod J. Gankse (Georgia Bar No. 283819)
Attorneys for Defendant
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Facsimile: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
lisa.haldar@lawrencebundy.com
rod.ganseke@lawrencebundy.com

*Counsel for Defendant*

Dunwoody, Georgia 30338
chris@chrisconwaylaw.com
(404) 334 3311 – Tel
(404) 334 3331 – Fax

***Counsel for Plaintiffs***

**IT IS SO ORDERED** this 12th day of __April__, 2022.

_____
**HONORABLE AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**AGREEMENT REGARDING CONFIDENTIALITY**
*Zhang v. Emory University*, No. 1:21-cv-868-AT (N.D. Ga.)

I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the Northern District of Georgia on _____, 2022, in the above-captioned case, and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of the Protective Order and I agree to comply with those terms.

I agree not to disclose documents, information, material, or testimony designated thereunder as CONFIDENTIAL or CONFIDENTIAL – FERPA to any person or entity not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions (including contempt) and that I and others to whom I convey CONFIDENTIAL or CONFIDENTIAL – FERPA documents, information, material, or testimony in violation of the Protective Order may be restrained or enjoined, if I violate the terms of the Protective Order.

I further agree to use CONFIDENTIAL or CONFIDENTIAL – FERPA documents, information, material, and testimony only in connection with this litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the Northern District of Georgia, or the jurisdiction of any other court to which this case may be transferred, in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed, or is appealed.

Date: _____      Signature: _____

Name: _____

Business Address: _____

_____

Email Address: _____