IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIEQIAO ("TIM") ZHANG, Individually, and as the Independent Administrator of the Estate of ALBERT LIANG (a/k/a ALBERT ZHANG and f/k/a LIANGSHENG ZHANG), deceased; and JING ("LINDA") LIANG, <br><br> Plaintiffs, <br><br> v. <br><br> EMORY UNIVERSITY, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:21-cv-00868-AT |

## JANE DOE'S MOTION FOR PROTECTIVE ORDER AND OBJECTION TO THE PRODUCTION OF DOCUMENTS BY EMORY UNIVERSITY

COMES NOW JANE DOE, and pursuant to Fed.R.Civ.P. 26(c) and 34 C.F.R. § 99.31(a)(9)(ii), hereby files and serves this her Motion for Protective Order and Objection to the Disclosure of Certain Records by Emory University, showing the Court as follows:

# STATEMENT OF THE CASE

Jane Doe is a student of Emory University ("Emory"). Emory recently notified Doe that Plaintiffs in the above-styled civil action requested the production of 166 documents involving Doe that would normally be protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), codified at 34 C.F.R. part 99. Emory provided said documents to Jane Doe for review. Emory also provided Jane Doe with this Court's Order dated March 8, 2022, in which the Court allowed Plaintiffs to pursue limited discovery.

Jane Doe reviewed all 166 documents provided by Emory. Some of the documents contain confidential, private information provided by Doe to Emory's Title IX department. This information concerns Doe's complaint of sexual and other misconduct against her by Albert.[1] Although none of the documents are relevant to the limited discovery allowed by the Court, Doe consents to the release of some of the documents pursuant to the terms stated herein.

---

[1] Jane Doe refers to "Albert" as authorized by the Court in footnote 1 to its March 8, 2022, Order.

# ARGUMENT AND CITATION OF AUTHORITY

## I. Jane Doe is Entitled to a Protective Order

Rule 26 of the Federal Rules of Civil Procedure allow a district court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) <u>Florida Action Comm., Inc. v. Seminole County</u>, No. 6:2015cv01525 (M.D. Fla. 2016). After the party seeking the protective order articulates specific facts in support of the protection sought, the Eleventh Circuit requires "the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." <u>Chicago Tribune Co. v. Bridgeston/Firestone, Inc.</u>, 263 F.3d 1304(11th Cir. 2001).

In this case, production of the documents sought by Plaintiffs would reveal personal, embarrassing information about Jane Doe as they contain intimate details about her interactions with Albert. These details were provided by Jane Doe in the context of a Title IX charge Jane Doe filed against Albert prior to his death. Jane Doe seeks protection from the disclosure of these documents as described below.

Plaintiffs cannot show that their interest in obtaining access to these documents outweighs Jane Doe's interest in keeping them confidential. As discussed below, the documents are not relevant to Plaintiffs' claims and do not fall

within the limited scope of discovery allowed by the Court in its Order. Therefore, Jane Doe respectfully requests that this Court issue a protective order preventing the production of these documents in contravention of the consent provided by Jane Doe, below.

## II. The Court's Order Does Not Compel the Production of Documents Containing Jane Doe's Protected Education Records

FERPA generally provides that before an institution may disclose a student's education records, it must obtain written consent from the student. 34 C.F.R. § 99.30. FERPA contains an exception to this requirement for schools complying with a lawfully issued subpoena or court order. 34 C.F.R. § 99.31(a)(9)(ii). While disclosure of student information may be compelled by court order, "courts impose a 'significantly heavier burden' to show that a party's interest in obtaining an individual's educational records outweigh the significant privacy interests of a student." Fox v. Lake Erie College of Osteopathic Medicine, (M.D.Fla. 2020)(citing Alig-Mielcarek v. Jackson, 286 F.R.D. 521 (N.D.Ga. 2012)). In this case, Plaintiffs cannot meet this "significantly heavier burden" because the documents have no bearing on or relevance to the scope of limited discovery allowed by the Court. See Id. (denying request for disclosure of FERPA protected documents that was overly broad and not relevant to the claims and defenses presented in the litigation).

In this case, there is no subpoena for the production of documents by Emory. Rather, Plaintiffs seek production of documents pursuant to Rules 26(e) and 34 of the Federal Rules of Civil Procedure. Thus, the question becomes whether there is a court order which compels production of documents which are otherwise protected by FERPA.

This Court's Order dated March 8, 2022, allows Plaintiffs to pursue limited discovery pertaining to "whether Dr. Goode or Emory were on notice that Albert was considering suicide . . . ." In its Order, the Court "reiterate[d] that the scope of this discovery is to be narrowly tailored." Unless the documents sought to be produced fall within the narrow parameters of discovery contained in the Court's Order, they are protected from disclosure by FERPA.

None of the 166 documents provided to Doe for review by Emory relate in any way to the narrow topic of discovery permitted by the Court in its Order. The documents do not reference Dr. Goode, nor are they directed to or received from Dr. Goode. Nor do the documents contain any reference to Albert's mental health or state of mind during the relevant time frame, much less whether Emory had any knowledge of his mental state. Because the documents do not fall within the narrow scope of discovery permitted by the Court's Order, they do not fall within the limited

exception from the requirement of obtaining a student's written consent prior to release of FERPA protected documents. 34 C.F.R. § 99.31(a)(9)(ii).

### III. Jane Doe's Limited Consent to the Production of Certain Documents

Because none of the requested documents fall within the exception for obtaining written consent prior to release of FERPA protected documents, they cannot be produced by Emory without the written consent of Jane Doe. Doe herein provides written consent to the production of a limited number of those documents under the terms outlined below.

As an initial matter, Jane Doe specifically does not consent to production of the following documents, which are identified by Emory's bates numbers: 2432; 2824; 2825.xlsx; 2826; 2827; 2828; 2829; 2832; 2837; 2838; 2839; 2840; 2841; 2842; 2843; 2844; 2845; 2846; 2847; 2849; 3012; 3014; 3016; 3019. With the exception of document number 2432, these documents consist solely of communications between Jane Doe and Emory's Title IX personnel. These communications contain discussions of intensely private material provided by Jane Doe to Emory Title IX personnel. While the communications refer to Albert, they are not directed to Albert, he is not copied on any of the communications, and there are no communications from Albert to Title IX. Accordingly, the documents do not

have any relevance to Albert's mental state at the time of his death or Emory's knowledge thereof.

Document 2432 is a communication directed to Albert from Emory's Title IX department and it contains a snapshot of Jane Doe's statement to Title IX. Document 2432 does not contain any reaction or response from Albert and therefore gives no indication of his mental state or Emory's knowledge of any suicidal ideations by Albert. Moreover, Jane Doe had no expectation that these documents would ever be produced outside of Title IX since that proceeding ceased at the time of Albert's death.

The remainder of the 166 documents provided by Emory to Jane Doe for review may be produced by Emory to Plaintiffs provided the documents are redacted to remove Jane Doe's name, contact information, and any other personal and identifiable information. Doe requests that the documents be identified as "Confidential FERPA Information" and produced in accordance with the Stipulated Protective Order entered into by the parties.

## CONCLUSION

Because Jane Doe has articulated good cause in support of her request for a protective order, Doe respectfully requests that this Court issue a protective order preventing the production of documents to which Doe does not consent. Moreover,

all 166 of the documents provided by Emory to Jane Doe for review are subject to protection from disclosure by FERPA since there is no subpoena or court order compelling production of those documents. Jane Doe gives limited consent to the production of documents as described herein and specifically objects to the production of documents numbered: 2432; 2824; 2825.xlsx; 2826; 2827; 2828; 2829; 2832; 2837; 2838; 2839; 2840; 2841; 2842; 2843; 2844; 2845; 2846; 2847; 2849; 3012; 3014; 3016; 3019.

Respectfully submitted this 16th day of May, 2022.

_____
ROBYN OLIVER WEBB
Georgia Bar No. 552505
*Counsel for Non-Party Jane Doe*

HOFFER & WEBB, LLC
3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330
404-260-6192 direct/fax
rwebb@hofferwebb.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, I filed the foregoing **JANE DOE'S MOTION FOR PROTECTIVE ORDER AND OBJECTION TO THE PRODUCTION OF DOCUMENTS BY EMORY UNIVERSITY** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

Richard H. Middleton, Jr.
rhm@middletonfirm.com
THE MIDDLETON FIRM, LLC
P.O. Box 10006
Savannah, Georgia 31412
*Counsel for Plaintiffs*

Joshua A. Whitman
jwhitman@miltonleach.com
MILTON, LEACH, WHITMAN, D'ANDREA & ESLINGER, P.A.
3127 Atlantic Blvd.
Jacksonville, Florida 32207
*Counsel for Plaintiffs*

Alex J. Whiteman
awhitman@cunninghamswaim.com
CUNNINGHAM SWAIM, LLP
4015 Main Street, Ste 200
Dallas, Texas 75226
*Counsel for Plaintiffs*

Christopher Conway
chris@chrisconwaylaw.com
1862 Independence Square, Ste E
Dunwoody, Georgia 30338
*Counsel for Plaintiffs*

Allegra J. Lawrence
Allegra.lawrence-hardy@lawrencebundy.com
Lisa M. Haldar
Lisa.haldar@lawrencebundy.com
Rod J. Gankse
Rod.gankse@lawrencebundy.com
LAWRENCE & BUNDY, LLC
1180 W. Peachtree Street, N.W., Ste 1650
Atlanta, Georgia 30309
*Counsel for Defendants*

/s/ Robyn Oliver Webb
ROBYN OLIVER WEBB
Georgia Bar No. 552505
*Counsel for Non-Party Jane Doe*

HOFFER & WEBB, LLC
3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330
404-260-6192 direct/fax
rwebb@hofferwebb.com