### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| TIEQIAO ("TIM") ZHANG, Individually, and as the Independent Administrator of the Estate of ALBERT LIANG (a/k/a ALBERT ZHANG and f/k/a LIANGSHENG ZHANG), deceased; and JING ("LINDA") LIANG, <br><br> Plaintiffs, <br><br> v. <br><br> EMORY UNIVERSITY; <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 1:21-cv-868-AT |

_____/

### PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO EXCLUDE EXTRINSIC MATTERS RAISED IN, AND EXHIBITS ATTACHED TO, DEFENDANT'S MOTION TO DISMISS

Plaintiffs Tieqiao ("Tim") Zhang, Individually and as the Independent administrator of the Estate of Albert Liang (a/k/a Albert Zhang and f/k/a Liangsheng Zhang), deceased; and Jing ("Linda") Liang ("Plaintiffs") hereby file this Brief in Support of their Objection to Defendant Emory University's ("Emory") Motion to Dismiss (Dkt. 75, Dkt. 75-1, and Dkt. 75-2) and Motion to Exclude Extrinsic Matters Raised in, and Exhibits Attached to, Emory's Motion to

Dismiss. In support thereof, Plaintiffs would respectfully show the Court as follows:

## FACTUAL BACKGROUND

On March 3, 2021, Plaintiffs filed their Complaint alleging Emory negligently caused the wrongful death of Albert. (Dkt. 1). On April 1, 2021, Emory filed its Motion to Dismiss Plaintiffs' Complaint for failure to state a cause of action upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. 16, Dkt. 16-1), to which Plaintiffs responded on April 15, 2021. (Dkt. 25, Dkt. 25-1).

On March 8, 2022, the Court entered an Order Staying Emory's Motion to Dismiss (Dkt. 41), ordering the parties to "engage in a two-month period of pre-dismissal discovery [(limited discovery)] to permit Plaintiffs to seek access to evidence that may allow them to amend their complaint to cure current deficiencies related to foreseeability", ordering Plaintiffs to file an Amended Complaint within 14 days of the close of said limited discovery on May 9, 2022. The Court's March 8, 2022 order narrowly tailored the scope of the limited discovery, allowing Plaintiffs to propound targeted paper discovery, and to conduct the depositions of Albert's advisor, Edmund Goode, Ph.D. ("Goode"), and Emory. The Court's two-month deadline was later extended to July 7, 2022. (Dkt. 67).

On August 15, 2022, Plaintiffs timely filed their Amended Complaint (Dkt. 72) and, on September 21, 2022, Emory filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"). (Dkt. 75, 75-1). In its Motion to Dismiss, Emory raised matters outside of Plaintiffs' Amended Complaint, and attached to its Motion to Dismiss excerpts from the transcripts of the depositions of Goode and Emory, as well as a select few other documents out of the hundreds produced during the limited discovery period. (Dkt. 75-2).

Plaintiffs object to Emory arguing matters extrinsic to the Amended Complaint, and attaching exhibits to (Dkt. 75-2) its Motion to Dismiss, and move to exclude the exhibits attached to Emory's Motion to Dismiss.

## MEMORANDUM OF LAW

### 1. Summary of Argument.

"[T]he Court is not at liberty to look beyond the four corners" of Plaintiffs' Amended Complaint "to determine its sufficiency" when ruling on Emory's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint. *Cordtz v. Johnson Legal Offs., LLC*, No. 121CV02003MHCLTW, 2021 WL 7707924, at *2 (N.D. Ga. Nov. 22, 2021), *report and recommendation adopted*, 2021 WL 7707923 (N.D. Ga. Dec. 13, 2021). If the Court considers the extrinsic matters raised in and the exhibits attached to Emory's Motion to Dismiss, then it becomes one for summary judgment. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 808 (11th

Cir. 2015) ("[A] judge generally may not consider materials outside of the four corners of a complaint without first converting the motion to dismiss into a motion for summary judgment.").

A document attached to a motion to dismiss for failure to state a claim, but not attached to or referenced in the complaint it seeks to dismiss, may be considered by the district court without converting the motion into one for summary judgment *only if* the attached document is both: (1) central to the plaintiff's claim, *and* (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (*citing Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)); *see also Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352 (N.D. Ga. 2010) (*citing Horsley* and *Harris*). Courts may consider documents that are attached to or referenced in the complaint only if they are central to the plaintiff's claims. *J'CARPC, LLC v. Wilkins,* No. 1:06-CV-2357WSD, 2007 WL 1541955, at *2 (N.D. Ga. May 22, 2007).

Here, the Court should exclude the extrinsic matters raised in Emory in its Motion to Dismiss and the exhibits attached thereto because Emory failed to show how any of the excerpts from the Goode or Emory's depositions, or any of the other documents Emory selected, are "central to" Plaintiffs' claims *and* are undisputed, or are "central to" Plaintiffs' claims and were attached or referenced in their Amended Complaint.

Emory's Motion to Dismiss is a highly improper effort to influence the record with evidence that is impermissible for the Court to consider at this stage of the proceedings. If the Court does not exclude the extrinsic evidence attached to Emory's Motion to Dismiss, then it must treat the Motion to Dismiss as a Motion for Summary Judgment, and allow complete discovery, so that Plaintiffs have a reasonable opportunity to present all of the material that is pertinent to Emory's motion, including expert testimony.[1]

**2. The challenged deposition transcripts and documents are not "central" to Plaintiffs' claims, because they are not the only way that Plaintiffs can prove foreseeability.**

Emory's initial argument, that the documents it submits are "central" to Plaintiffs' claims fails as a matter of law because it completely misapplies this provision. Consideration of documents "central" to a plaintiffs' claims generally involves situations where the documents actually form the basis of the claims, such as an action for breach of contract based upon a written contract. The deposition transcript excerpts and other documents raised in, and attached to, Emory's Motion to Dismiss are not "central" to Plaintiffs' claim, like the language of a contract would be in an action to enforce it, because Plaintiffs' claims regarding the foreseeability of Albert's suicide do not rely on Goode or

---

[1] For a fuller understanding of the evidence that Plaintiffs would be able to present to the Court, and the impropriety of the Court's consideration (at this stage) of the material that is the subject of this Objection and Motion, Plaintiffs refer the Court to Part I of the Argument section of their contemporaneously filed Brief in Opposition to Emory's Motion to Dismiss, which is incorporated as if fully stated herein.

Emory's testimony, or on the contents of any of the documents Emory chose. *See GoPlus Corp. v. Crown Equip. Corp.*, 533 F. Supp. 3d 1344, 1353 (S.D. Ga. 2021); *see also Doe v. Gwinnett Cnty. Pub. Sch.*, No. 1:18-CV-05278-SCJ, 2019 WL 12336248, at *5 (N.D. Ga. Aug. 22, 2019) (*citing Glass v. City of Glencoe*, No. 4:17-CV-0026-JEO, 2017 WL 1407477, at *3 (N.D. Ala. Apr. 20, 2017) (noting that a document is central if it is "intrinsic to the claim", such as insurance policies or contracts; however, "[c]entrality does not encompass witness affidavits that merely recount circumstances or information relevant to a claim.")).

In *Braun v. Cadence Healthcare Sols., LLC, infra.*, demonstrating the distinction between documents that are "central" to a plaintiff's claim from those that are not, the court held that although it would consider an Equal Employment Opportunity Commission (EEOC) complaint that secured the plaintiff's right to sue as central to her claim, it would not consider the deposition transcripts of two witnesses submitted in support of the defendant's motion to dismiss. While it could consider the EEOC complaint as "central" to the plaintiff's claim, regarding the deposition transcripts, the court explained:

> The same cannot be said about the deposition testimony of [the two witnesses]. Although some of the material contained in the [ ] [d]efendants' attached deposition transcripts may be central to [the] [p]laintiff's claims, much is certainly not. Furthermore, [the] [p]laintiff has raised questions about the veracity of [one witness's] deposition testimony. . . Out of an abundance of caution, the [c]ourt will not consider the attached deposition transcripts in deciding whether [the] [p]laintiff properly alleged [an element of her claim].

*Braun v. Cadence Healthcare Sols., LLC*, No. CV419-101, 2022 WL 3570344, at *6 (S.D. Ga. Aug. 18, 2022) (citations omitted).[2]

Here, the documents attached as exhibits to Emory's Motion to Dismiss are not central to Plaintiffs' claim because Plaintiffs "need not 'offer the document[s] to prove [their] case'". *Peck v. Spirit Logistics Network, Inc.*, No. 1:20-CV-02041-LMM, 2020 WL 10485913, at *2 (N.D. Ga. Dec. 18, 2020) (determining the court would not consider documents that were attached to the defendant's motion to dismiss but had not been referred to in the plaintiff's complaint)[3] (quoting *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007)). "If it were otherwise, almost all evidence would be 'central' to a claim, and the distinction between motions to dismiss under Rule 12(b)(6) and motions for summary judgment under Rule 56 would be eviscerated." *Glass*, 2017 WL 1407477, at *3.

Plaintiffs' claim does not necessarily fail just because Goode and Emory fail to provide specific admissions that support Plaintiffs' contention that Albert's suicide was foreseeable to Emory, and it does not fail if the same is not

---

[2] *See also and compare Halbert v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1301 (N.D. Ala. 2019) (document filed with Securities and Exchange Commission was central to plaintiff's claim when plaintiff's claim relied upon a purported misrepresentation therein), *with Lockwood v. Beasley*, 211 F. App'x 873, 877 (11th Cir. 2006) (document was not central to plaintiff's claim when merely relevant to defendant's affirmative defense).

[3] "[The] [p]laintiff does not refer to the Company Snapshot in its [the] [c]omplaint and the document is not essential to [the] [p]laintiff's FLSA claim. It is not necessary to use the Company Snapshot to show that the FLSA's overtime pay requirement encompasses [the] [p]laintiff's job and employer, nor is the Company Snapshot necessary to show that [the] [d]efendant failed to pay [the] [p]laintiff the requisite rate for any overtime hours worked." *Peck*, 2020 WL 10485913, at *2.

spelled out explicitly in the limited universe of documents Emory selected to attach to its Motion to Dismiss. Plaintiffs can still allege and prove foreseeability based on other circumstantial evidence, and evidence to be presented to the Court at a later stage, that clearly disputes the testimony that Emory has offered.[4]

It would be improper to consider Emory's cherry-picked documents and excerpts of the depositions of Goode and Emory, and not permit Plaintiffs to further develop the record.

### 3. Even if consideration of these depositions were proper at this stage—which it is not—the testimony does not constitute "undisputed" documents.

The carefully chosen excerpts from the Goode and Emory deposition transcripts, and the documents it cherry-picked, do not constitute "undisputed" documents. The witnesses are inherently biased in favor of Emory, and Plaintiffs have had no opportunity to offer evidence that disputes, or calls into question, their veracity and credibility.

### 4. The Court cannot consider the documents attached to Emory's Motion to Dismiss, without converting it into a Motion for Summary Judgment,

---

[4] The Court does not yet have the benefit of testimony from individuals such as Plaintiff Tim Zhang (whose testimony and contemporaneous notes documenting his conversations with Goode after Albert's death will contradict Goode's testimony); Campus Life Administrator Suzanne Onorato and Rev. Greg McGonigle (who were present for the same conversations, and will offer their own versions of what Goode told Mr. Zhang); and the police officers who recorded Goode's statements at the scene of Albert's death (statements which Goode has denied making). In any case, whether Albert's suicide was foreseeable, given that he was among those students most at risk of harm under all of the circumstances and facts known to Emory, should be for a jury to decide, and should not be decided on a motion to dismiss. *See e.g., Piazza v. Kellim*, 377 P. 3d 492 (Or. 2021) (en banc) (holding that issue of whether the defendant should have foreseen the harm that occurred where it held itself out to teenagers like the plaintiffs and teenagers had been known to be at an increased risk of harm at teen nightclubs).

**because the Amended Complaint neither incorporates, attaches, refers to nor relies on any documents as "central" to Plaintiffs' claims.**

Emory argues that the Court can consider the documents cited in and attached to its Motion to Dismiss without converting it into one for summary judgment because Plaintiffs' Amended Complaint refers to or relies on those documents. (Dkt. 75-1, 4-8). However, even Emory is concerned about an "unintentional summary judgment conversion". (Dkt. 75-1, at 7).

Emory created a chart comparing certain allegations from Plaintiffs' Amended Complaint to the documents and/or deposition testimony upon which Emory unilaterally contends that these allegations rely. (Dkt. 75-1, at 7; Dkt. 75-2). However, Emory's chart fails to show a single instance in which any of those documents or deposition excerpts are both "central to the claims *and* referred to and relied on throughout" Plaintiffs' Amended Complaint. (Dkt. 75-1, at 5) (emphasis added); *see Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) *and Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352 (N.D. Ga. 2010).

In support of its argument, Emory cites to *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (Dkt. 75-1 at 5, n.3). But, for the same reasons the Northern District Court of Georgia articulated in *J'CARPC, LLC v. Wilkins*, Emory's "reliance on *Brooks* is misplaced." The *Wilkins* court explained that "[i]n *Brooks*, the Eleventh Circuit stated that '*where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim*' then

the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal" without converting it into a motion for summary judgment. 2007 WL 1541955, at *2 (N.D. Ga. May 22, 2007) (*citing Brooks*, at 1369) (emphasis in original). But "the [p]laintiff did not attach any documents or contracts to its [c]omplaint, it does not refer in the [c]omplaint to the documents, and [the] [p]laintiff does not contend that these documents are central to its claims against [the] [d]efendants." *Id.*[5] *Brooks* did not hold that Emory is permitted, on a motion to dismiss, to submit documents that were not attached to or referenced in Plaintiffs' Amended Complaint *and* are not central to Plaintiffs' claims. *See Id.*

In *Buford v. City of Atlanta, GA,* No. 1:08-CV-3608-ODE-ECS, 2009 WL 10699359, (N.D. Ga. Apr. 29, 2009), the court rejected the same argument Emory makes here, namely, that it could consider the documents attached to the motion to dismiss because the plaintiff *referenced* the documents in his complaint and they are central to his claims.

> Upon a review of [the] [p]laintiff's complaint, however, [the] [p]laintiff does not reference any of the documents attached to [the] [d]efendants' motion . . . . Indeed, [the] [d]efendants appear to contend that documents regarding [the] [p]laintiff's FMLA leave should be considered solely because [the] [p]laintiff's complaint "specifically brings into question whether all of his leave was protected under the FMLA." *A party may not submit documentary evidence on any issue that a complaint "brings into question" on a Rule 12(b)(6) motion to dismiss. Such a rule would abrogate any distinction*

---

[5] "The Court's duty on a motion to dismiss is to examine the Complaint and determine whether any construction of Plaintiff's factual allegations will support its cause of action. In deciding a motion to dismiss, it is inappropriate to consider the ancillary documents submitted by the defendant." *Id.* at *2.

> *between motions to dismiss and motions for summary judgment.*
> Furthermore, [the] [p]laintiff disputes the documentary evidence
> attached to [the] [d]efendants' motion.

*Buford*, at *2 (emphasis added).

Here, like in *Wilkins* and *Buford*, the Court cannot consider the documents attached to Emory's Motion to Dismiss without converting it to a Motion for Summary Judgment, because Plaintiffs did not attach those documents to their Amended Complaint, nor do they rely on those documents. To the extent the Amended Complaint mentions the existence of an email or other document, Plaintiffs do not contend that those documents are "central" to their claims against Emory.[6]

The other cases Emory relies upon for this position are easily distinguishable. (Dkt. 75-1, at page 5, n. 3; and page 6, n. 4). For example, in *Lechter v. Aprio, LLP*, 565 F. Supp. 3d 1279, 1301-02 (N.D. Ga. 2021), the documents the court considered when deciding the Rule 12(b)(6) motion to dismiss were central to an investor group's action against an accounting firm and

---

[6] *See also Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n. 13 (11th Cir. 2013) (finding that the district court's consideration of documents from a prior case automatically converted the motion to one for summary judgment "[b]ecause [the plaintiff] did not refer to the Superior Court petition or order in its complaint"); *Marcius v. Wells Fargo Bank, N.A.*, No. 1:14-CV-881-TWT-ECS, 2014 WL 12116017, at *3 (N.D. Ga. Nov. 28, 2014) (striking the affidavit attached to the defendant's motion to dismiss when it was not attached to the plaintiff's complaint) report and recommendation adopted, No. 1:14-CV-881-LMM, 2014 WL 12360939 (N.D. Ga. Dec. 18, 2014); *Lee v. Medicredit, Inc.*, No. 6:21-CV-16, 2022 WL 135312, at *5, n.4 (S.D. Ga. Jan. 13, 2022) ("Because Plaintiff did not attach a copy of the Consent Form to her pleadings, the Court may only consider it at this stage of the litigation without converting [the] [d]efendant's [m]otion to [d]ismiss into a motion for summary judgment if the [a]mended [c]omplaint incorporates the document by reference. The [c]ourt is dubious about the applicability of the incorporation by reference doctrine to the Consent Form, however, because Plaintiff never referred to it in the [a]mended [c]omplaint.")

others because the documents were promotional materials allegedly sent to the investors, which the investors referenced in their amended complaint "no less than forty times", and which contained many of the alleged material misrepresentations the investors relied on in support of their claims.

In *Korman v. Iglesias*, 778 F. App'x 680, 682 (11th Cir. 2019), the court found it was proper to consider the plaintiff's deposition testimony and affidavit from an earlier lawsuit the plaintiff brought against the same defendant, Julio Iglesias, to recover damages for a song he had allegedly stolen from her, where her subsequent lawsuit pled material facts contrary to her first lawsuit. The testimony was "central" to the plaintiff's claims because in the first lawsuit, a tort action, she alleged and testified under oath to have co-authored a song with Iglesias, but in the second lawsuit, a copyright suit, the plaintiff alleged that she alone authored the song; *and* neither party disputed the authenticity of her deposition and affidavit.

In *Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 921 n.2 (11th Cir. 2012), the court appropriately considered loan documents on a mortgagee's motion to dismiss where they were central to the mortgagor's fraud claims against the mortgagee and were referred to and relied upon throughout the complaint.

In *Piccard v. Deedy*, No. 1:21-cv-558-MLB, 2021 WL 4846132, at *6 n.4 (N.D. Ga. Oct. 15, 2021), the court considered a Google Books screenshot showing the

name of a book publisher that was central to the plaintiff's claim and had been attached to the complaint and directly contradicted an allegation therein.

In *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 246, n. 18 (S.D.N.Y. 2002), the court considered the documents attached to the defendant's motion to dismiss to determine the issue of collateral estoppel without converting it into a motion for summary judgment only because both parties consented to the proceeding with the motion to dismiss procedure in a joint response. Here, unlike in *Weizmann*, Plaintiffs will not consent to the evidence of foreseeability being assessed on a motion to dismiss standard, or before there is complete discovery and an opportunity to be heard. And, indeed, the issue before the Court is whether Plaintiffs' *pleadings* are sufficient to state a claim, not whether the Court's consideration of a one-sided presentation of evidence weighed entirely in Emory's favor justifies dismissal.

None of the cases Emory cites bear any similarity to the circumstances here, and they fail to show that the Court can consider only the deposition excerpts and documents that Emory has selected in order to determine the sufficiency of Plaintiffs' evidence of foreseeability, and after only limited discovery.

**5. If the Court considers the extrinsic matters in Emory's Motion to Dismiss, then the Motion is converted it into a Motion for Summary Judgment.**

Under Federal Rule of Civil Procedure 12(d), if the Court does not exclude the matters raised in and the exhibits attached to Emory's Rule 12(b)(6) Motion to Dismiss, then Emory's Motion automatically becomes a Rule 56 Motion for Summary Judgment, and Plaintiffs would be entitled to a reasonable opportunity to present all the material that is pertinent to Emory's Motion for Summary Judgment:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. *All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion*.

Fed. R. Civ. P. 12(d) (emphasis added).

Here, giving Plaintiffs a reasonable opportunity to present all the material pertinent to Emory's Motion for Summary Judgment on the issue of foreseeability would require complete discovery so that Plaintiffs could file affidavits and/or depose other witnesses (such as Suzanne Onorato and Rev. Greg McGonigle). With full discovery on the issue, Plaintiffs could also provide the Court with expert discovery supporting their contention that Emory should have foreseen Albert's suicide given the totality of the facts and circumstances. *See Reynolds v. Novartis Pharm. Cor*p., No. 01A-76719-3, 2004 WL 5000271 (Ga. Super. Apr. 02, 2004) (denying summary judgment for the defendant, where expert testimony raised the possibility that psychotropic drug might have an

effect upon the likelihood of suicide must be a foreseeable consequence of producing the drug as an issue of fact for the jury).

In *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003), the Eleventh Circuit held the district judge should not have weighed deposition testimony without converting the motion to dismiss to a motion for summary judgment. *Id.* at 924.[7] The court was clear "that the jury, rather than the judge, should decide the disputed question [in a defendant's Rule 12(b)(6) motion to dismiss] when the question went to the merits of the underlying claim." *Id.*, at 927.

Here, like in *Morrison*, the issues raised in Emory's Motion to Dismiss go to the merits of Plaintiffs' underlying claims. Emory merely disputes the sufficiency of Plaintiffs' evidence of foreseeability after only limited discovery. Emory has placed a fork in the road before the Court, where it must either exclude Emory's exhibits and extrinsic matters, or convert its Motion to Dismiss into one for summary judgment, which would necessitate additional discovery.

Either way, the Court should reject Emory's prejudicial gambit, and resolve Emory's Motion to Dismiss as the Federal Rules of Civil Procedure require.

**6. If the Court considers the extrinsic matters raised in Emory's Motion to Dismiss and converts it into a Motion for Summary Judgment, then the Court must provide at least ten days' notice of same to Plaintiffs.**

---

[7] *See also Chae Yi You v. JP Morgan Chase Bank, N.A.*, No. 1:12-CV-202-JEC-AJB, 2012 WL 3904366, at *3 n.5 (N.D. Ga. May 23, 2012), (*citing Morrison*, at 924) report and recommendation adopted 2012 WL 3904363 (N.D. Ga. Sept. 7, 2012).

"It is clearly the law in this circuit that whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings the judge must give all parties ten-days notice that he is so converting the motion." *Huster v. J2 Glob. Commc'ns, Inc.*, No. 1:14-CV-03304-ELR, 2015 WL 11622478, at *9 (N.D. Ga. Nov. 12, 2015), aff'd as modified sub nom. *Huster v. j2 Cloud Servs., Inc.*, 682 F. App'x 910 (Fed. Cir. 2017); *See also Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985); *Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1253 n. 13 (11th Cir. 2013).[8] "The purpose of this requirement is to make certain that the parties are aware of the conversion and have an opportunity to present documents and arguments for and against the granting of summary judgment." *Lewis*, at 605. The failure to provide such notice is error. *Id.*[9] And Emory invites error by asking

---

[8] "[W]hen the court considers matters outside the pleadings, ... the Rule 12(b)(6) motion converts into a Rule 56 motion for summary judgment," which requires the Court to notify the parties and given them ten days to submit additional evidence and arguments in support of or in response to the motion." (*Rosetti v. Bank of New York Mellon Tr. Co Nat'l Ass'n*, 2015 WL 11455763, at *3 (N.D. Ga. Oct. 23, 2015) (*quoting* Starship, 708 F.3d at 1252 n. 13); (*German v. Nationstar Mortg., LLC*, WL 4905066, at *1 (S.D. Ga. Aug. 20, 2020) ("When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing at least 10 days for the parties to supplement the record accordingly."); *Lambeth v. Three Lakes Corp.*, 478 F. Supp. 3d 1347, 1352 n. 6 (N.D. Ga. 2020) ("Usually a Rule 12(d) conversion requires ten (10)-day notice to the Parties."); *SHM Int'l Corp. v. Chant Kitchen Equip. (H.K.) Ltd.*, 2017 WL 7660398, at *2 (N.D. Ga. Apr. 21, 2017) ("The proper course of action is to allow the litigation to proceed to summary judgment, notify the parties of this conversion, and give them ten (10) days to supplement the record."); *Willingham v. United States*, 2015 WL 7582548, at *3 (S.D. Ga. Nov. 25, 2015) ("And when a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties at least ten-day notice of the conversion.") (*citing Lewis*, 752 F.2d at 605).

[9] *See also Est. of Malkin v. Wells Fargo Bank, NA*, 998 F.3d 1186, 1201 (11th Cir. 2021) ("But if the District Court converts the motion, it is required to notify the parties and give them 10 days in which to

the Court to consider extrinsic matters without converting the Rule 12(b)(6) Motion into a Rule 56 motion.

Further, if converted into a Motion for Summary Judgment, then Rule 56(d) would afford Plaintiffs the opportunity to show, by affidavit or declaration that, for specified reasons, they cannot present facts essential to justify its opposition to Emory's Motion for Summary Judgment, after which the Court could defer considering the Motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.

The Court can only avoid treating Emory's Motion as one for summary judgment by excluding the extrinsic matters Emory raised therein and the exhibits it attached thereto. *Braun*, 2022 WL 3570344, at *6; *see also Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."). That is the path the Court should take.

---

supplement the record. The District Court did not provide such notice here. And, because the Estate's arguments hinged on evidence outside the scope of the pleadings, the District Court erred in considering matters beyond the face of the complaint without complying with Rule 56." (*citing Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002)); *see also Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 701 (11th Cir. 2016) (And in [converting it into a Rule 56 motion for summary judgment], the judge must give notice to the parties and allow them 10 days in which to supplement the record. We strictly enforce this rule and require that a case be reversed and remanded in the event that the necessary notice has not been provided.") (citations omitted).

## Conclusion and Prayer

Plaintiffs pray this Court sustain Plaintiffs' Objection and grant Plaintiffs' Motion, and exclude the extrinsic matters raised in, and the exhibits attached to, Emory's Motion to Dismiss (Dkt. 75-1 and 75-2) as described herein, and grant any other relief the Court deems proper under the circumstances.

* * *

Pursuant to Local Rule 7.1, I hereby certify the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1, specifically Book Antiqua 13 point.

**MIDDLETON, L.L.C.**

/s/ Richard H. Middleton
RICHARD H. MIDDLETON, JR.
Georgia Bar No. 504912
317 East Liberty Street (31401)
P.O. Box 10006
Savannah, Georgia 31412
rhm@middletonfirm.com
Phone: (912) 660-3039
**Lead trial counsel**

and

**CONWAY, LLC**

/s/ Christopher Conway
**CHRISTOPHER T. CONWAY**
Georgia Bar. No. 823011
1862 Independence Square
Suite E
Dunwoody, Georgia 30338

Phone: (404) 334-3311
Fax: (404) 334-3331
chris@chrisconwaylaw.com
**Local counsel**

and

**MILTON, LEACH, WHITMAN,
D'ANDREA & ESLINGER, P.A.**

/s/ Joshua A. Whitman
**JOSHUA A. WHITMAN**
Florida Bar No. 399264
3127 Atlantic Blvd
Jacksonville, Florida 32207
jwhitman@miltonleach.com
(904) 346 3800 – Tel.
(904) 346 3692 – Fax
***Pro Hac Vice***

and

**CUNNINGHAM SWAIM, LLP**

/s/ Alex J. Whitman
**ALEX J. WHITMAN**
Texas Bar No. 24081210
4015 Main Street, Suite 200
Dallas, TX 75226
awhitman@cunninghamswaim.com
(214) 646-1495 – Tel.
(214) 613-1163 – Fax
***Pro Hac Vice***
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2022, I electronically filed Plaintiffs' Brief In Support Of Plaintiffs' Objection To Defendant's Motion To Dismiss And Motion To Exclude Extrinsic Matters Raised In, And Exhibits Attached To, Defendant's Motion To Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Allegra J. Lawrence
> Lisa M. Haldar
> Rodney J. Ganske
> Robyn Oliver Webb

> **MILTON LEACH, WHITMAN, D'ANDREA & ESLINGER, P.A.**
>
> /s/ Joshua A. Whitman
> **JOSHUA A. WHITMAN**